UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BROWN,<br><br>          Petitioner,<br><br>     v.<br><br>TAMMY CAMPBELL,<br><br>          Respondent. | Case No. 22-cv-05969-HSG<br><br>**ORDER REQUIRING ELECTION BY PETITIONER** |

Petitioner, an inmate at San Quentin State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"). Respondent filed an answer to the Petition. Dkt. Nos. 11-12 ("Answer"). Although given notice and an opportunity to do so, petitioner did not file a traverse. *See generally*, Dkt.

In the Answer, respondent argued that petitioner had failed to exhaust two of the five claims stated in the Petition. The Court now requires petitioner to make an election.

**DISCUSSION**

**A.     Procedural History**

Petitioner was found guilty by an Alameda County jury of forcible oral copulation (Cal. Penal Code § 288a(c)(2)(A)). Ans. at 1. Petitioner stipulated that he had seven prior felony convictions. *See id*. He was sentenced to eight years imprisonment. *See id*.

Petitioner appealed to the California Court of Appeal and argued that his trial counsel was ineffective for allowing a biased juror (Juror No. A11) to remain on the jury, *see* Ans., Ex. G at 2, 33-55; that the prosecutor engaged in misconduct, *see id*. at 2-3, 56-87; that the trial court improperly limited his ability to impeach the victim with extrinsic evidence, *see id*. at 3-4, 88-104; that the trial court erred in admitting irrelevant testimony from a sex trafficking expert, *see id*. at 4,

104-117; that the jury instructions improperly emphasized the victim's testimony and lightened the burden of proof, *see id*. at 4-5, 118-129; and cumulative error, *see id*. at 5, 130-33. Petitioner did not argue that his Sixth Amendment right to a fair and impartial jury was violated by the presence of Juror No. A11, nor did he argue that his rights under the Racial Justice Act had been violated. *See generally, id*. The California Court of Appeal affirmed the conviction in a reasoned opinion. *See* Ans., Ex. H.

Petitioner subsequently filed a petition for review by the California Supreme Court, which was summarily denied. *See* Ans., Ex. J.

This Court received the Petition on October 11, 2022. *See* Pet. at 1. United States Magistrate Judge Sallie Kim found that petitioner had stated the following cognizable claims: "that he was denied an impartial jury when the court (and defense counsel) allowed an admittedly biased juror to sit on the jury; the prosecutor engaged in misconduct during closing argument; and the trial court made evidentiary and instructional errors." Dkt. No. 7 at 2. Magistrate Judge Kim ordered respondent to address those claims. *See id.* at 2-3. Magistrate Judge Kim did not find petitioner's fifth claim, that his rights under California's Racial Justice Act had been violated, to be cognizable. *See generally, id*.; *see also* Pet. at 8 (claiming a violation of California's Racial Justice Act).

This action subsequently was reassigned to the undersigned. *See* Dkt. Nos. 9-10.

### B. Legal Standard

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c). The state's highest court must "be alerted to the fact that the prisoners are asserting claims under the United States Constitution," *Duncan v. Henry*, 513 U.S. 364, 368 (1995), and must be given an opportunity to rule on the claims even if review is discretionary, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process."). The exhaustion-of-state-

remedies doctrine "reflects a policy of federal-state comity" designed to give a State "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). The court generally may not grant relief on an unexhausted claim. *See* 28 U.S.C. § 2254(b)(1).

**C.   Analysis**

Respondent argues that petitioner's claim of juror bias is unexhausted. *See* Ans. at 6. Respondent contends that, on direct appeal, petitioner challenged only his trial counsel's failure to seek the removal of Juror No. A11, rather than separately challenging Juror No. A11's presence. *See id*. Respondent concedes that petitioner exhausted the other claims which the Court found cognizable. *See generally, id*.

Petitioner has not responded to the Answer. On the record before the Court, it is undisputed that petitioner did not present his claim of juror bias on appeal.

Petitioner's claim that counsel was ineffective for failing to seek removal of the juror in question is distinct from his claim that the presence of a biased juror deprived him of his right to an impartial jury, and from his claim that the trial court erred in failing to remove the biased juror. A claim that trial counsel was ineffective for failing to raise a claim in the state courts does not fairly present the underlying claim to the state courts. *Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005) (holding that state court claims that trial counsel and appellate counsel were ineffective in failing to challenge the admission of a confession did not fairly present to the state courts the underlying claim that the admission of the confession was a violation of petitioner's rights Fifth and Fourteenth Amendment). Accordingly, petitioner has not exhausted state remedies for his claim that Juror No. A11 was biased.

**D.   Requiring Petitioner to Make an Election**

Petitioner's federal petition for a writ of habeas corpus contains both exhausted and unexhausted claims and therefore is a "mixed" petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Court cannot adjudicate the merits of a habeas petition containing any claim as to

3

which state remedies have not been exhausted, such as a mixed petition. *See Rose*, 455 U.S. at 522; *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust).

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d), the Court is reluctant to dismiss the mixed petition (and quite possibly cause a later-filed petition to be time-barred) without giving petitioner the opportunity to choose how to proceed. Accordingly, instead of an outright dismissal of the action, this Court will allow petitioner to choose whether he wants to:

(1) dismiss the unexhausted claim of juror bias and non-cognizable claim under the Racial Justice Act, and go forward in this action with only the three claims which were both exhausted and found cognizable by Magistrate Judge Kim;

(2) dismiss this action and return to state court to exhaust his unexhausted claims before filing a new federal petition presenting all of his claims; or

(3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

Petitioner is cautioned that each of the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. *See* 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this Court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claims, and to return to this Court. And under option (3), this action stalls: this Court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court. In *Rhines*, the U.S. Supreme Court

discussed the stay-and-abeyance procedure for mixed habeas petitions.[1] The Supreme Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. Any stay must be limited in time to avoid indefinite delay. *Id.* Reasonable time limits would be thirty (30) days to get to state court, as long as necessary in state court, and thirty (30) days to get back to federal court after the final rejection of the claims by the state court. *See id.* at 278; *Kelly*, 315 F.3d at 1071. If petitioner files a motion for a stay, he must show that he satisfies the *Rhines* criteria or must comply with the *King/Kelly* requirements.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. Within **twenty-eight (28) days** from the date of this order, petitioner must file a notice in which he states whether he chooses to

(1) dismiss the unexhausted and non-cognizable claims, and go forward in this action with only those claims that have been both exhausted and found cognizable;

---

[1] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but the procedure often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 664 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43.

(2) dismiss this action and return to state court to exhaust his unexhausted claims before returning to federal court to present all of his claims in a new petition; or

(3) move for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims.

If petitioner chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Notice of Choice By Petitioner" and states simply: "Petitioner chooses to proceed under option ___ provided in the Order Granting Motion to Dismiss; Requiring Election By Petitioner."  Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses.

If he chooses Option (3), within twenty-eight (28) days from the date of this order, petitioner must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this Court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims.  If petitioner does not choose one of the three options or file a motion by the deadline, the Court will dismiss the unexhausted claim of juror bias, dismiss the non-cognizable claim filed under the Racial Justice Act, and address petitioner's three remaining claims on the merits.

**IT IS SO ORDERED.**

Dated:   6/16/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge